IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLORES M. BUCEK, Administratrix of the ESTATE OF MARTIN A. BUCEK, deceased,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLEGHENY COUNTY d/b/a ALLEGHENY COUNTY JAIL, ORLANDO L. HARPER, LAURA WILLIAMS, and ALLEGHENY HEALTH NETWORK,<br><br>　　　　Defendants. | No.:  2:22-CV-940 |

**DEFENDANT ALLEGHENY HEALTH NETWORK'S BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**

AND NOW comes Defendant Allegheny Health Network, by and through its counsel Shannon Voll Poliziani and the law firm of Gordon Rees Scully Mansukhani, LLP, and files the within Brief in Support of Motion to Dismiss Plaintiff's Fourth Amended Complaint pursuant to F.R.C.P. 12(b)(6) and 12(h)(3), averring as follows:

**I.　　PROCEDURAL BACKGROUND**

At all times relevant to the Fourth Amended Complaint, Martin A. Bucek was a pre-trial detainee in the Allegheny County Jail ("ACJ").  On June 28, 2022, Plaintiff (Mr. Bucek's ex-wife and the Administratrix of his Estate) filed a Complaint against Allegheny County, Orlando L. Harper and Laura Williams. (ECF No. 1).  A First Amended Complaint adding Allegheny Health Network ("AHN") as a defendant was filed on September 27, 2022 (ECF No. 12), followed by a Second Amended Complaint on December 20, 2022 (ECF No. 20), a Third Amended Complaint on February 28, 2023 (ECF No. 33), and a Fourth Amended Complaint on April 10, 2023 (ECF No. 38).

Plaintiff's Fourth Amended Complaint is a seven count Complaint.  Counts I through III set forth Eighth Amendment claims pursuant to 42 U.S.C. §1983 against Allegheny County, Orlando

L. Harper and Laura Williams, respectively. Counts IV and V set forth state law medical negligence claims as to AHN; Counts VI and VII are state law corporate negligence claims against AHN.

## II. FACTUAL BACKGROUND[1]

Prior to entering the ACJ, Mr. Bucek attempted suicide. ECF No. 38 at ¶ 18. Mr. Bucek suffered from schizoaffective disorder and generalized anxiety disorder and is alleged to have had a "particular vulnerability to suicide." Id. at ¶¶ 23-24.

Upon entering the ACJ on or about June 22, 2021, Mr. Bucek "informed the jail staff, including the medical staff, of his suicidal ideologies, and previous suicide attempts." Id. at ¶ 25. During his 12 days in the ACJ, Mr. Bucek received medical treatment from unidentified employees of AHN, an entity Plaintiff avers is "in the business of providing direct health care and services for inmates [in the ACJ]."[2] Id. at ¶¶ 7, 16, 22, 47 and 115.

Three days into his ACJ stay, Mr. Bucek was evaluated by "medical personnel" who documented his depression and suicidal ideations and prescribed several medications, including Lexapro, Haldol, and Vistaril. Id. at ¶ 29. Mr. Bucek was also briefly placed on suicide watch. Id. at ¶ 30. Thereafter, Mr. Bucek admits he was seen and evaluated by either "psychiatric personnel" or "medical staff" on at least 3 occasions – June 28, June 29, and July 1, 2021. Id. at ¶¶ 33, 37, and 40.

The morning of July 3, 2021, Mr. Bucek was "seen in his cell" screaming. Later that day, around 3:40 PM, he was "reported to be extremely agitated and refused all medication." Id. at ¶¶ 42 and 45. At 5:00 PM, he was seen standing at his cell door. Id. at ¶ 48.

---

[1] This is the factual background as alleged by Plaintiff, some of which is contested by AHN.

[2] It should be noted that, as acknowledged by Plaintiff, while physicians and physician extenders who work in the ACJ are AHN employees, the nurses in the ACJ are employed by Allegheny County. ECF No. 38 at ¶ 22.

Just 14 minutes later, at 5:14 PM, Mr. Bucek was found on his cell floor, unresponsive. CPR efforts were unsuccessful and Mr. Bucek was pronounced dead at 6:00 PM. Id. at ¶¶ 51, 54-55. Plaintiff claims that Mr. Bucek committed suicide (Id. at ¶ 72(a)), but the medical examiner conducting the autopsy determined only that a large food bolus had completely obstructed Mr. Bucek's upper airway, causing him to die from asphyxia due to airway obstruction. Id. at ¶ 56.

### III.    LEGAL STANDARD

#### A.    F.R.C.P. 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must plead sufficient factual allegations, which, taken as a whole, state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss, pursuant to F.R.C.P. 12(b)(6), should be granted if, accepting all well-pleaded allegations in the complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief. *Nami v. Fauber*, 82 F.3d 63, 65 (3d Cir. 1996); *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993).

#### B.    F.R.C.P. 12(h)(3)

Subject matter jurisdiction is not presumed; a plaintiff must demonstrate that federal jurisdiction is proper. Montgomery v. City of Philadelphia, No. CIV.A. 85-6453, 1986 WL 11827, at *1 (E.D. Pa. 1986). Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). Likewise, under Rule 12(b)(1), a court must grant a motion to dismiss if there is a lack of subject matter jurisdiction. Elliott v. Akator Constr., No. 2:21-CV-337, 2021 WL 3131215, at *2 (W.D. Pa. July 22, 2021).

### IV.    QUESTIONS PRESENTED

#### A.    Does Plaintiff properly plead the elements to support her state law claims?

      **B.**      **If the claims against the co-defendants are dismissed, will this Court have subject matter jurisdiction over the state law claims set forth against AHN in Counts IV through VII of the Fourth Amended Complaint?**

**Suggested Answer to Both: No.**

**V.**      **ARGUMENT**

      **A.**      **Plaintiff's Claims in Counts IV – VII are Legally Insufficient as a Matter of Law**

It is well established under Pennsylvania law that in order to state a *prima facie* cause of action for medical negligence, a plaintiff must establish that (1) the party owed a duty to the patient; (2) the party breached that duty; (3) the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient; and (4) the damages suffered by the patient were the direct result of that harm.  Mitzelfelt v. Kamrin, 526 Pa. 54, 62, (1990).

The determination of proximate cause is "primarily a problem of law" and must, as a threshold matter, be "determined by the judge and it must be established before the question of actual cause is put to the jury."  Eckroth v. Pennsylvania Elec., Inc., 12 A.3d 422, 427-28 (Pa. Super.2010) (quoting Brown v. Philadelphia College of Osteopathic Medicine, 760 A.2d 863, 868 (Pa.Super.2000).  "Nothing precludes a court from determining proximate cause as a matter of law if a jury could not reasonably differ on the issue.  Chetty Holdings Inc. v. NorthMarq Cap., LLC, 556 F. App'x 118, 121 (3d Cir. 2014).

The crux of Plaintiff's claim is that AHN and its medical care providers failed to provide Mr. Bucek with the level of care necessary to prevent him from committing suicide.  ECF No. 38 at ¶ 104.  The problem with this claim is that Plaintiff's Fourth Amended Complaint does not allege facts to support the conclusion that Mr. Bucek committed suicide.

Plaintiff claims that Mr. Bucek had "previous suicide attempts including overdosing, jumping off a bridge, and stabbing himself." Id. at ¶ 25. Notably, there is no allegation that Mr. Bucek ever attempted suicide by choking on food. There is likewise no allegation that prior inmates attempted or committed suicide by choking on food.[3] Further, Plaintiff admits that the medical examiner performing the autopsy stated only that a large food bolus completely obstructed Mr. Bucek's upper airway, causing him to die from airway obstruction. Id. at ¶ 56. The medical examiner did <u>not</u> deem the death to be a suicide.

Though it involves a summary judgment motion, the reasoning in <u>McGough v. Marion Cnty.</u>, No. 506CV-364-OC-10GRJ, 2008 WL 2073907 (M.D. Fla. May 14, 2008) is instructive. In <u>McGough</u>, a pretrial detainee ("Detainee") died in the Marion County Jail. His estate's representative filed suit alleging claims against a variety of defendants, all related to the treatment Detainee received while in the jail. Detainee had several previous suicide attempts, which the defendants were aware of. While in the jail, Detainee was on and off of suicide watch, was determined to be most likely suffering from schizophrenia, and was exhibiting aggressive and disturbing behaviors, as well as an altered mental state. He frequently made statements that he was going to kill himself. One afternoon, Detainee was seen lying on the floor of his cell not moving. "It quickly became apparent that something was blocking [Detainee's] airway, and [personnel] removed large, thumb-sized pieces of food from [Detainee's] throat using forceps." <u>Id</u>. at *6. Efforts to revive Detainee were ultimately unsuccessful, and he was pronounced dead. The Medical Examiner "determined that [Detainee] had a large amount of food lodged in his throat, and that he died from 'aspiration of a food bolus'—he choked to death." <u>Id</u>.

---

[3] Plaintiff claims that the ACJ has a history of inmates in their custody committing suicide by asphyxia, but the National Commission on Correctional Health Care report Plaintiff refers to describes pre-2021 events where inmates committed suicide by hanging, not by intentional choking on food. *See* ECF No. 38 at Ex. A.

Plaintiff alleged that the defendants were indifferent to Detainee's mental illness and suicidal tendencies, which resulted in him committing suicide by choking. The Court found that the plaintiff "failed to establish a 'strong likelihood' that [Detainee] would commit suicide specifically by choking on his lunch meal." Id. at *13. In so stating, the Court noted that the plaintiff failed to present any admissible evidence that Detainee committed suicide, pointing to the medical examiner's determination and the lack of evidence that defendants "were either subjectively or objectively aware … that [Detainee] would try to commit suicide by forced choking." Id. (emphasis added). These failures by the plaintiff factored in to the Court's decision to grant summary judgment.

As stated above, the medical examiner did not rule the death a suicide and Plaintiff fails to allege that any other medical professional has concluded that the death was a suicide. The only person who has concluded that Mr. Bucek's death was a suicide is Plaintiff. ECF No. 38 at ¶72(a). In deciding a 12(b)(b) motion, the Court must accept as true all of the factual allegations of Plaintiff's pleading, but is not bound to accept as true legal conclusions, even if they are couched as factual allegations. See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

The Pennsylvania Supreme Court has made it clear that "it is incumbent on a plaintiff to establish a causal connection between defendant's conduct and the plaintiff's injury." Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978). Causation is also a critical element in establishing corporate negligence. See Welsh v. Bulger, 548 Pa. 504, 515–16, 698 A.2d 581, 586 (1997).

Since there is no factual averment that Mr. Bucek's death resulted from suicide, there is no way for Plaintiff to prove that any alleged failure by AHN and its medical care providers to "ensure that [Mr. Bucek] was placed on 'suicide watch'" or to timely consider and ascertain Mr. Bucek's "need for medical attention and supervision for any potential suicide attempts" was the

proximate cause of, or a substantial factor in, bringing about the harm suffered by Mr. Bucek (choking on a piece of food).  ECF No. 38 at ¶¶ 104(f)(ii) and (iii).   There is likewise no way for Plaintiff to prove that any alleged failure by AHN to have policies and procedures in place to ensure the safety and monitoring of inmates with "known suicidal intentions" or to "prevent medical emergencies, such as suicide attempts" was the proximate cause of, or a substantial factor in, bringing about the harm suffered by Mr. Bucek (choking on a piece of food).  Id. ¶ ¶ 120(d) and (i).

In other words, there is no causation.  As proximate causation is an essential element to Plaintiff's negligence-based claims, its absence relative to AHN's conduct renders Plaintiff's claims against AHN legally untenable.  Therefore, Counts IV, V, VI, and VII must be dismissed.

> **B.** **If the Claims Against the Co-defendants are Dismissed, Plaintiff's Claims Against AHN Must Likewise be Dismissed as They are State Law Claims Over Which This Court Will Not Have Subject Matter Jurisdiction**

Plaintiff admits that she is raising only state law medical negligence claims as to AHN.  Specifically, Plaintiff states that "[t]he right to bring these actions is conferred upon the Plaintiff by virtue of the provisions of Pennsylvania's Wrongful Death Act, Survivor Act and other applicable Wrongful Death Acts, Fiduciary Acts, and/or Pennsylvania Rules of Civil Procedure."  Id. at ¶ 9.  The Court does not inherently have jurisdiction over the claims against AHN.  Plaintiff admits this fact in alleging that "[t]he right to hear these actions is conferred upon this Court by virtue of 28 U.S.C. §§1331, 1367 as this action consists of more than one claim and this Court has valid jurisdiction, federal question jurisdiction, over at least one of the claims."

Therefore, if the claims against the co-defendants are dismissed, the Court will no longer have valid jurisdiction over any of the claims and the state law claims against AHN in Counts IV, V, VI, and VII will have to be dismissed.

## VI. CONCLUSION

WHEREFORE, Defendant Allegheny Health Network respectfully requests that this Honorable Court dismiss any and all claims as to Allegheny Health Network for failure to state a claim upon which relief can be granted, or alternatively, for lack of subject matter jurisdiction

    Respectfully submitted,

    GORDON REES SCULLY MANSUKHANI, LLP

Dated:  May 4, 2023    By: */s/ Shannon Voll Poliziani*
    Shannon Voll Poliziani, Esquire
    PA ID No. 79832
    *Counsel for Defendant Allegheny Health Network*
    707 Grant Street, Suite 3800
    Pittsburgh, PA  15219
    (412) 316-2937
    (412) 347-5461 Facsimile
    svpoliziani@grsm.com