IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLORES M. BUCEK,<br>Administratrix of the ESTATE OF<br>MARTIN A. BUCEK, deceased,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGHENY COUNTY,<br>ORLANDO L. HARPER, LAURA<br>WILLIAMS, and ALLEGHENY<br>HEALTH NETWORK,<br><br>Defendants. | 2:22-CV-940-NR |

## MEMORANDUM ORDER

Plaintiff Dolores M. Bucek brings this action against Defendants Allegheny County, Orlando L. Harper, and Laura Williams (the County Defendants), and the Allegheny Health Network on behalf of the estate of her husband, Martin Bucek, who purportedly committed suicide while in custody as a pretrial detainee at the Allegheny County Jail. Ms. Bucek alleges that the County Defendants violated her husband's Eighth Amendment right to be free from cruel and unusual punishment by implementing defective policies and procedures that were so recklessly indifferent to her husband's mental health condition and suicidal ideations that they caused his death. She also brings survival and wrongful death claims against AHN, in which she alleges that AHN was negligent in the medical services it provided Mr. Bucek at the jail. The County Defendants and AHN each move to dismiss (ECF 39, ECF 46). For the following reasons, the Court denies the motions.

## BACKGROUND

As pled in the Fourth Amended Complaint, and accepted as true, Mr. Bucek was arrested on June 22, 2021 for assaulting a nurse while receiving treatment at St.

Clair Hospital after an attempted suicide. ECF 38, ¶ 19. He was immediately taken to Allegheny County Jail as a pretrial detainee, where he informed staff of his suicidal ideations; his medical records, which were in Defendants' possession, documented this history. *Id.*, ¶¶ 24-28. AHN doctors evaluated Mr. Bucek and diagnosed him with depression, paranoia, and hallucinations; he was placed on suicide watch on June 25, 2021. *Id.*, ¶¶ 29-30. However, he was taken off suicide watch the next day. *Id.*, ¶ 31.

Over the next several days, jail employees noticed Mr. Bucek's erratic and self-harming behavior, including repeatedly punching the cell door until his hand bled, injuring his eye, and shoving a spoon into his ears to cause bleeding. *Id.*, ¶¶ 33-41. On July 3, 2021, Allegheny County Jail staff declined to take Mr. Bucek to an off-site appointment for his eye injury because of his unpredictable behavior and suicidal ideations. *Id.*, ¶¶ 42-47. Later that day, jail staff reported that Mr. Bucek refused to return a food tray and spoon, and that he was acting erratically and refusing medication. *Id.*, ¶ 55. At 5:14 p.m., jail staff found Mr. Bucek unresponsive on the floor, with a large food obstruction in his airway, and he was pronounced dead. *Id.*, ¶¶ 48-56. An autopsy determined the cause of death was asphyxia. *Id.*

In addition to Pennsylvania state law wrongful death and survival claims against AHN, Ms. Bucek brings a claim under 42 U.S.C. § 1983 against Allegheny County, Orlando Harper (the Warden of the jail), and Laura Williams (the former Chief Deputy Warden during Mr. Bucek's period of pretrial detention).

## **DISCUSSION AND ANALYSIS**[1]

### I.    **The County Defendants' motion is denied.**

"In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution and laws of the United States;

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

- 2 -

and, (2) that the alleged deprivation was committed by a person acting under color of state law." *Beckwith v. Blair Cnty.*, No. 18-40, 2022 WL 267428, at *5 (W.D. Pa. Jan. 28, 2022) (Haines, J.). Here, the Fourth Amended Complaint asserts Section 1983 claims against each County Defendant, essentially alleging deliberate indifference to Mr. Bucek's particular vulnerability to suicide. ECF 38, ¶ 71.[2]

To succeed on a Section 1983 claim for deliberate indifference to a pretrial detainee's particular vulnerability to suicide, a plaintiff must show: "(1) that the individual had a particular vulnerability to suicide, meaning that there was a strong likelihood, rather than a mere possibility, that a suicide would be attempted; (2) that the prison official knew or should have known of the individual's particular vulnerability; and, (3) that the official acted with reckless or deliberate indifference, meaning something beyond mere negligence, to the individual's particular vulnerability." *Beckwith*, 2022 WL 267428, at *6 (cleaned up).

---

*Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Any reasonable inferences should be considered in the light most favorable to the plaintiff. *See Lula v. Network Appliance*, 255 F. App'x 610, 611 (3d Cir. 2007) (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)).

[2] The Fourth Amended Complaint cites to the Eighth Amendment as the predicate for the Section 1983 claim, but that's not quite right. To be sure, the Eighth Amendment protects a prisoner's right to be free from cruel and unusual punishment, and a deliberate indifference to a prisoner's particular vulnerability to suicide may amount to cruel and unusual punishment. *Palakovic v. Wetzel*, 854 F.3d 209, 222 (3d Cir. 2017). But, where, as here, the plaintiff is a pretrial detainee, then that right arises under the Due Process Clause of the Fourteenth Amendment. *Beckwith*, 2022 WL 267428, at *6. The Court won't hold this against Ms. Bucek here, because the legal framework under the Eighth and Fourteenth Amendments is legally the same. *Id.* ("When, as here, a plaintiff seeks to hold prison officials liable for failing to prevent a detainee's suicide, a pre-trial detainee may bring a claim under the Due Process Clause of the Fourteenth Amendment that is essentially equivalent to the claim that a convicted inmate may bring under the Eighth Amendment.").

The County Defendants don't really dispute Mr. Bucek's vulnerability, but instead focus on the second and third prongs of the test—*i.e.*, knowledge and deliberate indifference. But the Court finds that the Fourth Amended Complaint pleads sufficient facts to establish those elements.

### A. Ms. Bucek states a Section 1983 claim against the County.

The County argues that the Fourth Amended Complaint fails to state a claim for municipal liability because it fails to plead a deficient policy or custom that was deliberately indifferent to Mr. Bucek's particular vulnerability to suicide. ECF 40, pp. 15-16. The Court disagrees.

Local government units can be held liable under Section 1983, but only where "the plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation." *Beckwith*, 2022 WL 267428, at *6 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978)). "Thus, a municipality may only be held liable under § 1983 when an alleged violation is attributable to the enforcement of a municipal policy, practice, or decision of a final municipal policymaker. Liability will be imposed when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees." *Id.* (cleaned up).

Taking all well-pled allegations and construing all reasonable inferences in Ms. Bucek's favor, the Court reads the Fourth Amended Complaint as alleging that Mr. Bucek displayed a series of escalating and concerning behaviors that warranted his being placed on suicide watch after June 26, 2021. During the 9 days before his death, Mr. Bucek pleaded for help, expressed to staff that he wanted to kill himself, and self-harmed in increasingly violent ways. ECF 38, ¶¶ 33-41. Staff appeared to recognize the danger Mr. Bucek posed to himself and others by cancelling his off-site eye appointment, citing his unpredictable and suicidal behavior. *Id.*, ¶¶ 42-47. Despite

these troubling escalations, Mr. Bucek was never placed back on suicide watch after June 26, 2023. *Id.*, ¶¶ 34, 39, 41.

The Fourth Amended Complaint alleges that these actions reflect a deficient policy as to, among other things, a "policy of failing to require a proper medical examination or care [be] given to an inmate when an inmate states that they are suicidal and require medical attention." ECF 38, ¶ 70(b). And the complaint further alleges that the County was deliberately indifferent to this policy (or otherwise lacked a sound policy) because the County had similar recent occurrences but failed to remediate. *Id.*, ¶¶ 58, 71(e) (pleading deliberate indifference by "failure to correct defective policies and/or training procedures, despite being put on notice to these defective policies and/or training procedures by recent occurrences similar to the one mentioned above").

All these facts, and the reasonable inferences from them, sufficiently plead a deficient policy of monitoring inmates with suicidal ideations and deliberate indifference to correct such a policy.[3] *See* ECF 38, ¶¶ 70-71. Accordingly, the *Monell* claim against the County survives at this early stage. *Redclift v. Schuylkill Cnty.*, No. 21-1866, 2022 WL 3973819, at \*9 (M.D. Pa. Aug. 31, 2022) ("Plaintiff pleads that the Prison and Prison Board do not have policies . . . that could have prevented Stacy's death. And Plaintiff contends that the absence of these policies is the direct

---

[3] Defendants argue that Mr. Bucek received regular medical care at the time of his suicide such that the County's conduct cannot rise to the level of deliberate indifference. ECF 52, p. 2. But the provision of regular medical care is not a *per se* defense, and it does not necessarily mean that Mr. Bucek was receiving the kind of care required by the symptoms he presented. Indeed, the Fourth Amended Complaint suggests that Mr. Bucek was not receiving any kind of treatment addressing his suicidal ideations after he was taken off of suicide watch. *See Palakovic*, 854 F.3d at 228 ("[P]rison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for an easier and less efficacious treatment of the inmate's condition." (cleaned up)). At a minimum, this issue raises factual questions that must be fleshed out in discovery.

proximate cause of Stacy's death. Thus, the 'absence of policy' *Monell* claim will survive." (cleaned up)).

### B. Ms. Bucek states a claim against the individual County Defendants, and the issue of qualified immunity is premature.

The individual County Defendants (Warden Harper and Deputy Warden Williams) argue that the claims against them should be dismissed because they weren't personally involved in Mr. Bucek's care, and otherwise were not deliberately indifferent to enforcement of any policy. ECF 40, pp. 11-14. True, the Fourth Amended Complaint does not allege that either Warden Harper or Deputy Warden Williams participated in ignoring Mr. Bucek's particular vulnerability to suicide or that they personally directed others to ignore it. However, there are sufficient allegations to support a supervisory liability theory for an unconstitutional policy. ECF 38, ¶¶ 79-80, 91, 95.

A supervisor can be liable under Section 1983 "if he or she, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm." *McDonald-Witherspoon v. City of Phila.*, No. 17-1914, 2018 WL 4030702, at *6 (E.D. Pa. Aug. 23, 2018), *aff'd*, No. 21-1019, 2021 WL 6101246 (3d Cir. Dec. 21, 2021). To that end, "the plaintiff must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure. A plaintiff needs to do more than merely assert that the injury would not have occurred if the supervisor had done more than he or she did, and must identify specific acts or omissions of the supervisor that

show deliberate indifference and suggest a relationship between the identified deficiency of a policy or practice and the injury suffered." *Id.* at *6 (cleaned up).

The Fourth Amended Complaint sufficiently pleads all four aspects of this test. With respect to prong 1 of the test, and as noted above in the context of the *Monell* claim, Ms. Bucek pleads a series of deficient policies and practices that were in place (or absent, to the extent they did not exist). *See* ECF 38, ¶¶ 70-71.

She satisfies prong 2 of the test by pleading that Warden Harper and Deputy Warden Williams were aware that these policies created an unreasonable risk. For example, she refers to the 2022 Allegheny County Jail Technical Assistance Report, which makes a "priority 1" recommendation that the jail "[i]mprove identification of those individuals at risk of self-harm." ECF 38, ¶¶ 58-63; ECF 38-1, p. 39. And the complaint pleads that Warden Harper and Deputy Warden Williams were in charge of creating and implementing these policies (in fact, Warden Harper was interviewed as part of the Allegheny County Jail Technical Assistance Report). ECF 38, ¶¶ 79-80, 84-85, 95-96; ECF 38-1, p. 4.

Regarding prong 3, Ms. Bucek points to other recent occurrences of suicide at the jail and to the Technical Assistance Report. ECF 38-1, pp. 6-15, 28. Together, these plausibly establish that the individual Defendants intentionally turned a blind eye to correcting the policies.

And prong 4 is satisfied based on the allegations surrounding Mr. Bucek's death. ECF 38, ¶¶ 48-56. Accordingly, the Fourth Amended Complaint states a claim under Section 1983 for supervisory liability.

The individual County Defendants separately raise qualified immunity defenses. But the Court finds that the face of the complaint is not sufficiently developed to decide this issue, including with respect to defining the contours of the relevant right. So the motion is denied, without prejudice to the individual County Defendants raising it again on summary judgment. *Leveto v. Lapina*, 258 F.3d 156,

161 (3d Cir. 2001) ("Qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint.").

**II.  AHN's motion is denied.**

AHN moves to dismiss the state-law survival and wrongful death claims alleging negligence. It argues that the Fourth Amended Complaint fails to plead that Mr. Bucek's choking on a food mass was a suicide, and that because of this deficiency, Ms. Bucek cannot show the causation element of negligence. ECF 47, pp. 4-7.

While the Fourth Amended Complaint could have been pled more clearly, the allegations and reasonable inferences drawn from those allegations are enough to plead proximate causation. That is, the Fourth Amended Complaint alleges that Mr. Bucek demonstrated suicidal ideations while under the care of AHN, AHN failed to take necessary measures to monitor him, and, within a very short period of time of those ideations (hours later), Mr. Bucek died in his cell from an unusual choking incident. ECF 38, ¶¶ 23, 26-56. That plausibly demonstrates both a suicide and a link between AHN's negligence and that suicide. Ultimately, discovery will be needed on this issue, including very likely expert discovery; but the Fourth Amended Complaint pleads enough at this stage to establish proximate cause. *Spruill v. Sch. Dist. of Phila.*, No. 21-1174, 2021 WL 6105570, at *1 (E.D. Pa. Oct. 25, 2021) (denying motion to dismiss where plaintiff in survival action "has adequately pled facts from which it could be reasonably inferred that [Decedent's] suicide was the proximate result of the wrongful acts of negligence of [Defendant].").

\* \* \*

Therefore, after careful consideration and consistent with the foregoing, it is hereby **ORDERED** that the County Defendants' (ECF 39) Motion to Dismiss and AHN's (ECF 46) Motion to Dismiss are **DENIED**.

DATED: July 18, 2023                              BY THE COURT:

                                                                   /s/ *J. Nicholas Ranjan*
                                                                   United States District Judge